Robert M. SITOSKI

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 21, 2009.

Decided Oct. 29, 2009.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Robert M. Sitoski, Philadelphia, for appellee.

BEFORE: LEADBETTER, President Judge, and KELLEY and QUIGLEY, Senior Judges.

OPINION BY Senior Judge QUIGLEY.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the February 12, 2009 order of the Court of Common Pleas of Philadelphia County (trial court), which sustained the statutory appeal of Robert M. Sitoski (Licensee) from the one-year suspension of his driv-

ing privileges imposed by DOT pursuant to Section 1547(b)(1) of the Vehicle Code.[1] We reverse.

On November 25, 2007, Licensee drank one or two beers at his home in Media, Pennsylvania. He later took a prescription drug, Ambien, for a chronic sleep disorder, became very drowsy and fell asleep. He was awakened by a telephone call from his son, who asked Licensee to drive to Philadelphia to pick up him and his girlfriend. Licensee agreed to do it and drove from Media to Philadelphia without any problem. However, while stopped at a red light at Broad and Pattison Streets, Licensee fell asleep and coasted into a car in front of him. At impact, Licensee struck his head on the steering wheel, causing a closed-head injury.

The police officer who arrived on the scene of the accident noticed that Licensee had an odor of alcohol, that Licensee was unable to stand and that Licensee needed assistance getting out of his car. The officer asked Licensee to submit to chemical testing, but Licensee refused. The officer reported the refusal to DOT, which suspended Licensee's driver's license.

■ Licensee appealed to the trial court, which held a *de novo* hearing on the matter. At the hearing, Licensee presented the deposition testimony of Dr. Paul Sedacca, who testified within a reasonable degree of medical certainty that: (1) the Ambien combined with the closed-head injury "definitely" affected Licensee's ability to make a knowing and conscious refusal of chemical testing, (DOT's brief at 23,

citing R.R. at 65a–66a); and (2) "I do not believe [alcohol] intoxication is the issue. I believe the issue is ... the Ambien ... along with the closed-head injury." (Licensee's brief at 14, citing R.R. at 68a–69a.) Based on Dr. Sedacca's testimony, the trial court sustained the appeal. DOT now appeals to this Court.[2]

DOT argues that this Court should apply *Hoffman v. Department of Transportation, Bureau of Driver Licensing,* 687 A.2d 395 (Pa.Cmwlth.), *appeal denied,* 549 Pa. 707, 700 A.2d 444 (1997), in which this Court held that a licensee's voluntary taking of a prescription drug, given its known and foreseeable side effects, does not excuse the licensee's refusal to submit to chemical testing. However, in *Hoffman,* the licensee did not have a closed-head injury. Thus, in effect, DOT asks this Court to expand the holding in *Hoffman* to cases where the licensee took a prescription drug and then sustained a head injury in an accident.

■ In considering the matter, we are guided by this Court's opinion in *Department of Transportation, Bureau of Traffic Safety v. Humphrey,* 136 Pa.Cmwlth. 515, 583 A.2d 868 (1990). In *Humphrey,* this Court held that a licensee who consumed alcohol and then sustained a head injury in an accident can establish an inability to make a knowing and conscious refusal by presenting expert medical testimony that the head injury played a greater role in the refusal than the alcohol consumption. The voluntary consumption of alcohol is analogous to the taking of a prescription drug, knowing its side effects. Both result

---

1. 75 Pa.C.S. § 1547(b)(1). Section 1547(b)(1) of the Vehicle Code requires DOT to suspend the operating privilege of any person arrested for driving under the influence of alcohol who refuses a police officer's request to submit to chemical testing.

2. This Court's review in a license suspension case is limited to determining whether the factual findings of the trial court are supported by competent evidence, and whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Boucher,* 547 Pa. 440, 691 A.2d 450 (1997).

in self-induced confusion. Thus, we now hold that, if a licensee takes a prescription drug, knowing its side effects, and then sustains a head injury in an accident, the licensee can establish an inability to make a knowing and conscious refusal by presenting expert medical testimony that the head injury played a greater role in the refusal than the prescription drug.

Here, Licensee presented the testimony of Dr. Sedacca. However, Dr. Sedacca did not testify as to whether Licensee's closed-head injury played a greater role than the Ambien in Licensee's inability to make a knowing and conscious refusal. Dr. Sedacca testified only that the Ambien in combination with the closed-head injury made Licensee unable to make a knowing and conscious refusal.

Accordingly, we reverse.

President Judge LEADBETTER concurs in the result only.

### ORDER

AND NOW, this 29th day of October 2009, the order of the Court of Common Pleas of Philadelphia County, dated February 12, 2009, is hereby reversed.